UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO: |
| JAMES ALEXANDER MASON, JR. | 14-07105-5-DMW |
| DEBTOR | CHAPTER 7 |

**NOTICE OF MOTION**

NOTICE is hereby given of the Motion for Approval of Compromise with Scott Landress ("Landress") et al, seeking approval to compromise issues in this case between the bankruptcy estate and Landress, and others filed simultaneously herewith by counsel for Richard D. Sparkman ("Trustee"), Chapter 7 Trustee in the above-captioned case; and

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, of you have on in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the Motion for Approval of Compromise with Scott Landress et al, or if you want the court to consider your views on the motion, then on or before **May 11, 2020,** unless otherwise ordered, you or your attorney must file with the court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing.

The Court's mailing address is:

Clerk, U.S. Bankruptcy Court
Eastern District of North Carolina
PO Box 791
Raleigh, North Carolina 27602

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above. You must also mail a copy to:

| | |
|---|---|
| Marjorie K. Lynch, Esquire<br>Bankruptcy Administrator<br>434 Fayetteville Street, Suite 640<br>Raleigh, NC 27601 | Richard D. Sparkman<br>Chapter 7 Trustee<br>P.O. Box 1687<br>Angier, NC 27501-1687 |
| James B. Angell<br>P.O. Box 12347<br>Raleigh NC 27605 | William W. Braziel, II<br>Janvier Law Firm, PLLC<br>311 East Edenton Street<br>Raleigh, NC 27601 |

| | |
|---|---|
| James Alexander Mason, Jr.<br>40 Edgebrook Circle<br>Durham, NC 27703-4904 | Travis Sasser<br>2000 Regency Parkway, Suite 230<br>Cary, NC 27518 |

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the motion at a date, time and place to be later set and all parties will be notified accordingly.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

DATED: April 16, 2020

s/James B. Angell ___________________
James B. Angell
State Bar No. 12844
Howard, Stallings, From,
Atkins, Angell & Davis, P.A.
P.O. Box 12347
Raleigh, NC 27605
Telephone: (919) 821-7700
Facsimile: (919) 821-7703
jangell@hsfh.com
*Attorneys for Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO: |
| JAMES ALEXANDER MASON, JR. | 14-07105-5-DMW |
| DEBTOR | CHAPTER 7 |

**MOTION FOR APPROVAL OF COMPROMISE WITH SCOTT LANDRESS ET AL**

NOW COMES Richard D. Sparkman ("Trustee" or "Movant"), Chapter 7 Trustee in the above-captioned case, by and through undersigned counsel, and pursuant to Bankruptcy Rule 9019, moves this Court for entry of an Order granting him authority to compromise and settle issues with Scott Landress (herein "Landress") and other persons on the terms and conditions set forth on Exhibit A, attached hereto and incorporated herein by reference (the "Settlement Agreement"). In support of this Motion, the Trustee shows the Court the following:

1. The Movant, Richard D. Sparkman, is the Chapter 7 Trustee for All Purpose Solutions, LLC (the "Debtor").

2. The controversy or dispute sought to be compromised is as follows: Scott Landress filed Claim No. 29 (amending and restating Claim No. 12) based on a Guaranty Agreement and a Security Agreement made to and for the benefit of Mutsy I, LLC, both signed by the Debtor on December 23, 2013, which claim asserts a secured claim in the amount of $1,275,000.00. In addition, Scott Landress filed Claim No. 28 (amending and restating Claim No. 13) based on a promissory note made payable to Scott Landress dated December 23, 2013, asserting an unsecured claim in the amount of $567,479,87. The Trustee objected to Claim No. 29, in part, on the basis that it is unsecured. The Bankruptcy Court entered a Memorandum Opinion and Order Sustaining Objection to Claim on March 31, 2019, finding that Claim No. 29 is an unsecured claim, which was appealed to the United States District Court for the Eastern District of North Carolina by Scott Landress. The United States District Court reversed the Bankruptcy Court order in its Orders filed on February 4, 2020, which were appealed to the United States Court of Appeals for the Fourth Circuit by the Trustee. The appeal of the United States District Court's orders is presently pending before the United States Court of Appeals for the Fourth Circuit as *Scott Landress v. Richard Sparkman*, Case No. 20-1137 (the "Appeal"). Zenzi Mason is the former spouse of the Debtor and has a substantial percentage of the unsecured claims in the Debtor's bankruptcy case.

3. The Parties attended a mediation on April 8, 2020 and April 9, 2020, as a result of the mediation, the Parties agreed to a settlement (the "Settlement").

4. The Movant now seeks authorization to resolve the above-described controversy or dispute under the terms and conditions set forth in the Settlement Agreement, which terms are summarized as follows:

a) Within fifteen (15) days after the Bankruptcy Court's approval of the Settlement pursuant to a final, non-appealable order (the "Payment Date"), the Trustee shall send a check in good U.S. funds in the amount of $1,100,000.00 (the "Settlement Payment") made payable to "Scott Landress" by Federal Express overnight delivery at the first address below (or such other address Scott Landress or his attorney shall direct in writing to the Trustee before the Trustee sends the Settlement Payment), with contemporaneous notice sent to Scott Landress and George M. Oliver via email at their email addresses below:

   Scott Landress
   775 E. Blithedale Avenue
   Ste. 181
   Mill Valley, CA 94941
   (415) 706-3885
   scott@liquidrealty.com

   Oliver & Cheek, PLLC
   Attn: George M. Oliver
   405 Middle Street
   P.O. Box 1548
   New Bern, NC 28563
   (252) 633-1930
   george@olivercheek.com

   The Trustee may delay sending the Settlement Payment until his receipt from Scott Landress of a W-9 form for reporting the Settlement Payment for federal or state taxation purposes.

b) The following releases are effective upon receipt by Scott Landress of the Settlement Payment in good funds as set out in paragraph (a) above:

   i. The Landress Parties, and each of them, hereby release the Trustee and the Debtor's bankruptcy estate of and from all claims, demands, accounts, duties, damages, losses, expenses, costs, debts, obligations, causes of action and remedies therefor, choses in action, rights of indemnity and liability of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, which the Landress Parties, or either of them, may have or may have had against the Debtor, the Trustee or the Debtor's bankruptcy estate, including but not limited to Claims No. 12, 13, 28 and 29 filed in the Debtor's bankruptcy case. Nothing in this Agreement shall be construed as a release by the Landress Parties of any claims against the Debtor.

   ii. The Trustee, in his capacity as Chapter 7 trustee and on behalf of the Debtor's bankruptcy estate, and (to the fullest extent of his authority) the Debtor, hereby releases the Landress Parties, and each of them, of and from all claims, demands, accounts, duties, damages,

losses, expenses, costs, debts, obligations, causes of action and remedies therefor, choses in action, rights of indemnity and liability of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, which the Trustee, the Debtor, or the Debtor's bankruptcy estate may have or may have had against the Landress Parties or either of them, including but not limited to all claims subject to the Appeal.

iii. The Landress Parties and Zenzi Mason release each other from all claims, demands, accounts, duties, damages, losses, expenses, costs, debts, obligations, causes of action and remedies therefor, choses in action, rights of indemnity and liability of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, which any of them, or either of them, may have or may have had against each other.

c) This Agreement is subject to approval by the Bankruptcy Court. The Trustee shall file a motion seeking Bankruptcy Court approval pursuant to Fed. R. Bankr. P. 9019 within five (5) business days after the execution of this Agreement by all of the Parties. In the event this Agreement is not approved by the Bankruptcy Court, the Parties will resume mediation.

d) Within ten (10) days after payment of the Settlement Payment as set out in paragraph (a) above:

i. The Trustee and the Landress Parties will cause the Appeal to be dismissed, each party to bear its own attorneys' fees and costs;

ii. Scott Landress will amend Claim No. 29 to state the amount claimed to be $1,100,000.00; and

iii. Scott Landress will withdraw Claim No. 28.

In taking such actions, the Parties shall cooperate to minimize each Party's attorneys' fees.

e) To the extent not governed by the Bankruptcy Code, the Agreement shall be governed by and construed in accordance with the laws of the State of North Carolina, without giving effect to rules governing the conflict of laws.

5. The Trustee has analyzed the proposed compromise, taking into consideration the facts, the strengths and weaknesses of the parties' positions, the equities involved, the information and evidence available to the Trustee to pursue the claims through the Appeal, and the costs of negotiation and litigation.

6. The Trustee believes the proposed settlement is in the best interest of the estate and its creditors and requests that the Court approve this Motion.

WHEREFORE, the Trustee prays for an Order approving and authorizing the compromise on the terms described in Exhibit A attached hereto, and for such other relief as the Court deems just and proper.

DATED: April 16, 2020

/s/James B. Angell
James B. Angell
State Bar No. 12844
Howard, Stallings, From,
Atkins, Angell & Davis, P.A.
P.O. Box 12347
Raleigh, NC 27605
Telephone: (919) 821-7700
Facsimile: (919) 821-7703
jangell@hsfh.com
*Attorneys for Chapter 7 Trustee*

# EXHIBIT A

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

This SETTLEMENT AGREEMENT AND MUTUAL RELEASE ("Agreement"), is made as of April 9, 2020, by and between Richard D. Sparkman, Chapter 7 Trustee ("Trustee") for James Alexander Mason. Jr. ("Debtor"), Case No. 14-07105-5-DMW, E.D.N.C., Scott Landress and SLRA, Inc., formerly known as Mutsy I, LLC (collectively, the "Landress Parties"), and Zenzi Mason ("Zenzi Mason") (the Trustee, the Landress Parties and Zenzi Mason are sometimes referred to herein as the "Parties", and each a "Party").

WHEREAS, the Trustee is the duly appointed chapter 7 trustee in the Debtor's bankruptcy case; and

WHEREAS, Scott Landress filed Claim No. 29 (amending and restating Claim No. 12) based on a Guaranty Agreement and a Security Agreement made to and for the benefit of Mutsy I, LLC, both signed by the Debtor on December 23, 2013, which claim asserts a secured claim in the amount of $1,275,000.00; and

WHEREAS, Scott Landress filed Claim No. 28 (amending and restating Claim No. 13) based on a promissory note made payable to Scott Landress dated December 23, 2013, asserting an unsecured claim in the amount of $567,479,87; and

WHEREAS, the Trustee objected to Claim No. 29, in part, on the basis that it is unsecured; and

WHEREAS, the Bankruptcy Court entered a Memorandum Opinion and Order Sustaining Objection to Claim on March 31, 2019, finding that Claim No. 29 is an unsecured claim, which was appealed to the United States District Court for the Eastern District of North Carolina by Scott Landress; and

WHEREAS, the United States District Court reversed the Bankruptcy Court order in its Orders filed on February 4, 2020, which were appealed to the United States Court of Appeals for the Fourth Circuit by the Trustee; and

WHEREAS, the appeal of the United States District Court's orders is presently pending before the United States Court of Appeals for the Fourth Circuit as *Scott Landress v. Richard Sparkman*, Case No. 20-1137 (the "Appeal"); and

WHEREAS, Zenzi Mason is the former spouse of the Debtor and has a substantial percentage of the unsecured claims in the Debtor's bankruptcy case; and

WHEREAS, the Parties attended a mediation on April 8, 2020 and April 9, 2020; and

WHEREAS, as a result of the mediation, the Parties agreed to a settlement (the "Settlement"), the terms of which are set out below; and

WHEREAS, the parties desire to fully and finally settle, compromise, resolve, release, and waive all claims referred to in this Agreement, other than the obligations set forth in this Agreement.

NOW THEREFORE, in consideration of the foregoing and mutual promises and covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree and covenant as follows:

1. Within fifteen (15) days after the Bankruptcy Court's approval of this Settlement pursuant to a final, non-appealable order (the "Payment Date"), the Trustee shall send a check in good U.S. funds in the amount of $1,100,000.00 (the "Settlement Payment") made payable to "Scott Landress" by Federal Express overnight delivery at the first address below (or such other address Scott Landress or his attorney shall direct in writing to the Trustee before the Trustee sends the Settlement Payment), with contemporaneous notice sent to Scott Landress and George M. Oliver via email at their email addresses below:

Scott Landress
775 E. Blithedale Avenue
Ste. 181
Mill Valley, CA 94941
(415) 706-3885
scott@liquidrealty.com

Oliver & Cheek, PLLC
Attn: George M. Oliver
405 Middle Street
P.O. Box 1548
New Bern, NC 28563
(252) 633-1930
george@olivercheek.com

The Trustee may delay sending the Settlement Payment until his receipt from Scott Landress of a W-9 form for reporting the Settlement Payment for federal or state taxation purposes.

2. The following releases are effective upon receipt by Scott Landress of the Settlement Payment in good funds as set out in paragraph 1 above:

(a) The Landress Parties, and each of them, hereby release the Trustee and the Debtor's bankruptcy estate of and from all claims, demands, accounts, duties, damages, losses, expenses, costs, debts, obligations, causes of action and remedies therefor, choses in action, rights of indemnity and liability of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, which the Landress Parties, or either of them, may have or may have had against the Debtor, the Trustee or the Debtor's bankruptcy estate, including but not limited to Claims No. 12, 13, 28 and 29 filed in the Debtor's bankruptcy case. Nothing in this Agreement shall be construed as a release by the Landress Parties of any claims against the Debtor.

(b) The Trustee, in his capacity as Chapter 7 trustee and on behalf of the Debtor's bankruptcy estate, and (to the fullest extent of his authority) the Debtor, hereby releases the Landress Parties, and each of them, of and from all claims, demands, accounts, duties, damages, losses, expenses, costs, debts, obligations, causes of action and remedies therefor, choses in action, rights of indemnity and liability of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, which the Trustee, the Debtor, or the Debtor's bankruptcy estate may have or may have had against the Landress Parties or either of them, including but not limited to all claims subject to the Appeal.

(c) The Landress Parties and Zenzi Mason release each other from all claims, demands, accounts, duties, damages, losses, expenses, costs, debts, obligations, causes of action and remedies therefor, choses in action, rights of indemnity and liability of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, which any of them, or either of them, may have or may have had against each other.

3. This Agreement is subject to approval by the Bankruptcy Court. The Trustee shall file a motion seeking Bankruptcy Court approval pursuant to Fed. R. Bankr. P. 9019 within five (5) business days after the execution of this Agreement by all of the Parties. In the event this Agreement is not approved by the Bankruptcy Court, the Parties will resume mediation.

4. Within ten (10) days after payment of the Settlement Payment as set out in paragraph 1 above:

(a) The Trustee and the Landress Parties will cause the Appeal to be dismissed, each party to bear its own attorneys' fees and costs;

(b) Scott Landress will amend Claim No. 29 to state the amount claimed to be $1,100,000.00; and

(c) Scott Landress will withdraw Claim No. 28.

In taking such actions, the Parties shall cooperate to minimize each Party's attorneys' fees.

5. To the extent not governed by the Bankruptcy Code, this Agreement shall be governed by and construed in accordance with the laws of the State of North Carolina, without giving effect to rules governing the conflict of laws.

6. The Parties each have the authority to sign this Agreement and execute this Settlement as agreed herein without any other party's receipt of notice, provision of approval, or other involvement, except Bankruptcy Court approval pursuant to Fed. R. Bankr. P. 9019. This Agreement may be executed in one or more counterparts (whether manually signed or by facsimile or other electronic means), and each such counterpart shall be deemed an original, and all such counterparts shall constitute one and the same agreement. The parties may execute this Agreement

by electronic or facsimile signatures, which shall suffice as original signatures for any evidentiary matter.

7. This Agreement may not be amended, changed, modified, altered, or terminated unless the Parties agree in writing to such amendment, change, modification, alteration, or termination. The Parties agree to be bound by the terms of this Agreement upon signing of the Agreement, subject to Bankruptcy Court approval.

8. The Parties agree that the Bankruptcy Court shall retain the exclusive and sole jurisdiction to resolve any controversy or claim arising out of or relating to this Agreement or the implementation or the breach hereof. The parties consent to the core jurisdiction of the Bankruptcy Court, to the authority of the Bankruptcy Court to make findings of fact and to enter a final judgment, and agree to have waived any right to a jury trial in connection with any disputes related to or arising out of this Agreement.

(SIGNATURES ON NEXT PAGE)

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the day and year first above written.

"Trustee":

Richard D. Sparkman, Chapter 7 Trustee for
James Alexander Mason, Jr.

"The Landress Parties":

Scott Landress

SLRA, Inc. formerly known as Mutsy I, LLC

By: Scott Landress
Its: President

Zenzi Mason

Acknowledged by:

James B. Angell, Attorney for Richard D. Sparkman,
Chapter 7 Trustee for James Alexander Mason, Jr.

George M. Oliver, Attorney for Scott Landress
and SLRA, Inc. formerly known as Mutsy I, LLC

John A. Northen, Attorney for Zenzi Mason

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the day and year first above written.

"Trustee":

__________________________________
Richard D. Sparkman, Chapter 7 Trustee for
James Alexander Mason, Jr.

"The Landress Parties":

Scott Landress

SLRA, Inc. formerly known as Mutsy I, LLC

By: Scott Landress
Its: President

__________________________________
Zenzi Mason

Acknowledged by:

__________________________________
James B. Angell, Attorney for Richard D. Sparkman,
Chapter 7 Trustee for James Alexander Mason, Jr.

__________________________________
George M. Oliver, Attorney for Scott Landress
and SLRA, Inc. formerly known as Mutsy I, LLC

__________________________________
John A. Northen, Attorney for Zenzi Mason

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the day and year first above written.

"Trustee":

Richard D. Sparkman, Chapter 7 Trustee for
James Alexander Mason, Jr.

"The Landress Parties":

Scott Landress

SLRA, Inc. formerly known as Mutsy I, LLC

By: Scott Landress
Its: President

Zenzi Mason

Acknowledged by:

James B. Angell, Attorney for Richard D. Sparkman,
Chapter 7 Trustee for James Alexander Mason, Jr.

George M. Oliver, Attorney for Scott Landress
and SLRA, Inc. formerly known as Mutsy I, LLC

John A. Northen, Attorney for Zenzi Mason